Cheshire,
No. 5713.

PAUL CORNWELL

*v.*

JOSEPH E. LAPLANTE *& a.*

Argued January 3, 1968.
Decided February 29, 1968.

*Howard B. Lane* ( by brief and orally ), for the plaintiff.

*Bell and Kennedy* ( *Mr. Ernest L. Bell, III* orally ), for defendant Carey.

*Devine, Millimet, McDonough, Stahl & Branch* and *E. Donald Dufresne* ( *Mr. Dufresne* orally ), for defendant Washer.

*Faulkner, Plaut, Hanna & Zimmerman* ( *Mr. N. Michael Plaut* orally ), for defendant LaPlante.

GRIMES, J.   It is conceded that on March 14, 1963, the three defendants, all minors, were in the plaintiff's barn playing with

fire which ignited hay and totally destroyed the barn. Liability was admitted at the trial and the only issue submitted to the jury was damages.

It appears that in chambers before argument, the Court had indicated that he would charge in accordance with a request of the defendants to the effect that in determining damages the jury should award the difference between the value of the entire property for its best use, before and after the loss of the barn. Defendants argued to the jury without objection that the highest and best use of the property was commercial and that therefore the loss of the barn caused little or no damage. The plaintiff's evidence tended to show that the barn had substantial value for use as part of an operating farm.

The Court, however, charged the jury as follows:

"Now, in determining the value of this barn that was destroyed — you shall consider its fair value at the date of its destruction. And in considering that fair value, you may consider — its best and most profitable, economic use. You may consider that in determining what fair value you would ascribe to that — to the destroyed structure, considering its best and most useful employment."

Although the plaintiff filed no request on the point, he excepted "to that part of the charge where it gives the rule of damages as the highest and best use to which the property could be economically used." It is this exception which has been transferred to us.

It appears to be the general rule that where there is total destruction of a building which is part of the realty and would have no independent value, the measure of damages is the difference between the market value of the whole property before and after its destruction. On the other hand, some cases state the measure to be the reasonable value of the buildings destroyed at the time of destruction when they have a value independent of the land. For a collection of cases, see 25 C.J.S. Damages s. 85 n. 33, 36 and 37.

It is true that a plaintiff is entitled to have his property valued at its highest and best use, but he is not required to have his property so valued if his damages will be thereby reduced. See *Matthews* v. *Missouri Pac. R. Co.,* 142 Mo. 645. A plaintiff who seeks damages for the destruction of a building on the basis of the difference between the before and after value of the entire

property is entitled to have that property valued on the basis of that use to which the destroyed building contributes the greatest value.

In the case before us the Trial Court did not instruct the jury that it was the highest and best use of the entire property that was to be considered but rather the "best and most useful employment" of the barn. This permitted the jury to consider that use which would give the barn the greatest value and fully compensate the plaintiff. See *Eagle Sq. Mfg. Co.* v. *Vt. Mut. Fire Ins. Co.,* 125 Vt. 221. We are of the opinion that the plaintiff was entitled to no more favorable rule.

*Exceptions overruled.*

All concurred.